# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT of OKLAHOMA

FILED
SEP 3 0 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY RB, DEPUTY

Thomas Andrew Bias )
　　　　Plaintiff, )
v. ) Case No. CIV-20-989-SLP
Kevin Stitt, Governor )
C. Allen McCall, OK Pardon and Parole Board )
Larry Morris, " " " )
Kelly Doyle, " " " )
Adam Luck, " " " )
Robert Gilliland, )
　　　　Defendant's. )

## Pro Se Prisoner Civil Rights Complaint

Jurisdiction is asserted pursuant to: 42 U.S.C. §1983 and 28 U.S.C. §1343 (a)(3).

That this vehicle is appropriate was affirmed by Honorable Patrick Wyrick, (Deandre Rogers v. Rick Whitten, Warden; OK Pardon and Parole Board; Kevin Stitt, Governor, 2020 WL 540 7457.

## Prior Civil Action

Thomas Andrew Bias
v.
Marjorie M. Redbird

Ray Page,
Carolyn Crump,
Marzee Douglas,
Carl B. Ham,

- U.S. District Court Western District of Oklahoma 5:95-cv-00340-WEA.
- March 7, 1995.
- Denial of Eighth and Fourteenth Amendment; Violation of Ex Post Facto.
- Releif denied.
- Appealed, No. 95-6358, (5-22-96), 86 F.3d 1166 (10th Cir.).

## Parties to Current Lawsuit

- Thomas Andrew Bias #90463
  North Fork Correctional Center
  1605 East Main St.
  Sayre, Ok. 73662

- Kevin Stitt, Governor                official capacity
  Office of the Governor
  212 State Capitol Bldg. Ste. 304
  Oklahoma City, Ok. 73105
- C. Allen McCall                      official capacity
  Pardon and Parole Board member
  Oklahoma Pardon and Parole Board
  2915 N. Classen Blvd. Ste. 405

II

Oklahoma City, Ok. 73106

- Larry Morris — official capacity
Pardon and Parole Board Member
Oklahoma Pardon and Parole Board
2915 N. Classen Blvd., Ste. 405
Oklahoma City, Ok 73106

- Kelly Doyle — official capacity
Pardon and Parole Board Member
Oklahoma Pardon and Parole Board
2915 N. Classen Blvd., Ste. 405
Oklahoma City, Ok. 73106

- Adam Luck — official capacity
Pardon and Parole Board Member
Oklahoma Pardon and Parole Board
2915 N. Classen Blvd., Ste. 405
Oklahoma City, Ok. 73106

- Robert Gilliland — official capacity
Pardon and Parole Board Member
Oklahoma Pardon and Parole Board
2915 N. Classen Blvd., Ste. 405
Oklahoma City, Ok 73106

## Cause of Action

**Claim 1:**
Violation and denial of Plaintiff's Eighth Amendment of the Constitution

III

of the United States.

In July 2020, the Oklahoma Pardon and Parole Board, acting under the color of state law, 57 O.S. § 332.2, did hold an unconstitutional version of a "parole consideration" hearing for Plaintiff. At said hearing the Defendant board members ruled that Plaintiff was not suitable for "Stage Two" reveiw, citing their adult matrix policy Denial Reason A. (see exhibit 1 a,b,c.).

This every three year finding of -guilty- and then administering of punishment -parole denied-, by Defendants, against Plaintiff who was a [Juvenile] when this crime was committed, is in direct disregard to and noncompliance with the clear and specific language of the Supreme Court of the United States. Miller v. Alabama, 132 S.Ct. 2455, 567 U.S. 460, (2012) did establish a New Substantive Constitutional Law. To be specific, "Allowing those offenders to be considered for parole ensures the juvenile whose crimes reflected only transient immaturity - and who have since matured - will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." (emphasis added) Montgomery v. Louisiana, 136 S.Ct. 718, 84 USLW 4063 (2016).

Having what Defendant's term -parole consideration- is the specific unconstitutional violation of bias and prejudice with which Defendant's inflict on Plaintiff. For this Plaintiff, being considered for parole means that the Defendant's look at the evidence of the crime (committed in 1974 by a juvenile), find Plaintiff guilty - adult matrix policy Denial Reason A - and then agree upon continued punishment.

This systematic "parole is just a privelege" for Plaintiff, who was a juvenile at the commisson of this crime, is venomous to the very core of the Supreme Court's directive. "And it would afford someone like Montgomery, who submits that he has

IV

evolved from a troubled, misguided youth... the opportunity to demonstrate the truth of Miller's central intuition - that children who commit even heinous crimes are capable of change." (emphasis added) Montgomery, supra.

## Claim II:

Denial of Article III, the Due Process Clause of the Fifth and Fourteenth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

As Governor of the Great State of Oklahoma, Kevin Stitt swore to uphold and enforce the laws and Constitution of the Great State of Oklahoma and the Constitution of the United States. In his official capacity, 57 O.S. § 332 "Pardons and Paroles. Power of Governor.", Governor Stitt has allowed the Pardon and Parole Board to operate in an unconstitutional - bias and prejudice - and discriminatory manner toward Plaintiff.

To date, Governor Stitt has failed to ensure the constitutionally mandated core standard for establishing accredidation of Plaintiff that his decades of lifestyle is proof that he is not, was not irreparably corrupt. Plaintiff, having been a juvenile, at the time of the commission of his crime, is not being provided the Due Process and Equal Protection of the central theme of the Supreme Court's New Substantive Constitutional Law: "...one kind of evidence that prisoners might use to demonstrate - rehabilitation." (emphasis added) Montgomery, supra *35.

The Supreme Court of the United States was very plain and specific in that: "Miller took as its starting premise the principle established in Roper and Graham that 'children are constitutionally different from adults for purposes of sentencing.' 567 U.S. at ___, 132 S.Ct, at 2464 (citing Roper, supra, at 569-570, 125 S.Ct, 1183; and

V

Graham, supra, at 68, 130 S.Ct. 2011). These differences result from children's diminished culpability and greater prospects for reform." (emphasis added) Montgomery, supra *33. There is no Oklahoma Pardon and Parole Board policy, laws, or primary ways to establish if Plaintiff is rehabilitated. "In light of what this Court has said in Roper, Graham, and Miller about how children are constitutionally different from adults in their level of culpability, however, prisoners like Montgomery must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it *737 did not, their hope for some years of life outside prison walls must be restored." Montgomery, supra.

### Relief Requested

- That this Court direct Governor Stitt to procure policies and procedures that do ensure the constitutional safeguards and protections of a Supreme Court Miller/Montgomery mandate.
- That this Court order the Pardon and Parole Board members to cease and desist in their discriminatory-consideration for release-hearings and hold a true fact finding of Plaintiff's rehabilitative lifestyle.

### Declarations

I declare under penalty of perjury that the foregoing is true and correct.

Thomas Andrew Bias                                  9, 28, 2020
Plaintiff's signature                                    Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the ____ day of ____, 2020.

Thomas Andrew Bias

VI