IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| THOMAS ANDREW BIAS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-989-SLP |
| KEVIN STITT, et al., | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 8] ("R&R"). As set forth in the R&R, Judge Mitchell recommends dismissing Plaintiff's Complaint [Doc. No. 1] for failure to state a claim. Plaintiff timely filed an objection to the R&R. *See* Obj. [Doc. No. 9]. The Court, therefore, conducts a de novo review as to those matters to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[1]

**I.  Eighth Amendment**

Plaintiff asserts an Eighth Amendment claim regarding an allegedly "unconstitutional version of a 'parole consideration' hearing for Plaintiff." Compl. 4. Plaintiff asserts that, because he was a juvenile when he committed his crime, Defendants'

---

[1] Plaintiff also filed a Motion for Leave to File Supplemental Brief to Objection to Magistrate[']s Report and Recommendation [Doc. No. 10] in which he asks the Court to consider additional argument set forth therein. The Court grants that motion and has considered the additional argument in reviewing the R&R. Additionally, Plaintiff filed a Motion to Amend Complaint [Doc. No. 11] in which Plaintiff asks that the Court amend his Complaint to remove Defendant Robert Gilliland because he is deceased. However, because the Court dismisses Plaintiff's Complaint, the court denies this request as moot.

parole procedures violate *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). Judge Mitchell recommends that this claim should be dismissed because *Miller* does not apply to Plaintiff's sentence, which was not a life without parole sentence or the equivalent.

The Court agrees with Judge Mitchell that *Miller* and *Montgomery* do not apply to Plaintiff. In his Objection, Plaintiff makes arguments that again presuppose that these cases apply to him. *Miller* held that the Eighth Amendment prohibits mandatory sentences of life without the possibility of parole for juvenile homicide offenders. 567 U.S. at 479. And *Montgomery* held that *Miller* announced a substantive rule of constitutional law that is retroactive on collateral review in state court. *Montgomery*, 577 U.S. at 208-09. But Plaintiff has not been sentenced to life without parole. *See Bias v. State*, 561 P.2d 523, 537 (Okla. Crim. App. 1977) (modifying Plaintiff's sentence from death to life imprisonment). Indeed, that sentencing option was not enacted until 1987. *Fontenot v. State*, 881 P.2d 69, 74 n.2 (Okla. Crim. App. 1994). And Plaintiff has been considered for parole. *See* Compl. 4; *see also Bias v. Redbird*, 86 F.3d 1166 (10th Cir. 1996) (discussing Plaintiff's eligibility for parole consideration under certain Pardon and Parole Board policies and noting "the most recent decision to deny [Plaintiff] parole.").[2]

---

[2] Plaintiff recently filed a habeas petition in which he argued his sentence was unconstitutional, citing *Miller*. *See Bias v. Martin*, No. 17-CV-607-JHP-FHM, 2018 WL 4690375, at *2, *4 (N.D. Okla. Sept. 28, 2018). The court dismissed the petition for lack of jurisdiction. *Id.* at *5. In considering whether the court should transfer the matter to the Tenth Circuit, the court observed that Plaintiff's claim "appears to be without merit because he is serving a life sentence *with* the possibility of parole for a homicide he committed as a juvenile." *Id.*; *see also Bias v. Martin*, 779 F. App'x 549, 552 (10th Cir. 2019) (denying application for a certificate of appealability).

In his Objection, Plaintiff asserts—without attaching any supporting documentation—that he obtained the "functional equivalent of life without parole" in the 1990s when the Pardon and Parole Board allegedly stated that they "would never parole" Plaintiff. Obj. 1. Plaintiff did not include this allegation in his original Complaint and has not sought leave to amend to add this allegation. *See Chambliss v. Bank of Am., N.A.*, No. 3:12-0955, 2014 WL 1287467, at *1 (M.D. Tenn. Mar. 31, 2014) ("Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R & R"). Even if the Court considers this new factual allegation, it would not save his claim. Plaintiff's sentence is still life with the possibility of parole. Oklahoma's discretionary parole procedures do not guarantee freedom. *See Martinez v. State*, 442 P.3d 154, 157 (Okla. Crim. App. 2019) ("A State is not required to guarantee eventual freedom to a juvenile offender."); *Shirley v. Chestnut*, 603 F.2d 805, 806 (10th Cir. 1979) (per curiam) (describing Oklahoma's system for parole release). Further, the Tenth Circuit previously rejected a challenge by Plaintiff regarding the Pardon and Parole Board's procedures, holding that the "change in parole policy 'had no effect on the standards for fixing [Mr. Bias'] initial date of "eligibility" for parole, or for determining his "suitability" for parole and setting his release date.'" *Redbird*, 86 F.3d at 1166 (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 507 (1995)). Additionally, a claim based on this new factual allegation about a statement made by the Pardon and Parole Board decades ago would be time-barred. *See Schell v. Chief Just. & Justs. of Okla. Supreme Ct.*, No. 20-6044, 2021 WL 2657106, at *9 (10th Cir. June 29, 2021) (holding that § 1983 claims are subject to the personal injury limitations period in the state in which the claim arose, which is two years

in Oklahoma); *Cunningham v. City of Waukomis Police Dep't*, 747 F. App'x 704, 706 (10th Cir. 2018) ("Dismissal for failure to state a claim is proper where the allegations in the complaint, taken as true, show that the statute of limitations bars the requested relief."). Thus, leave to amend the Complaint to include this new factual allegation is not warranted.

**II.     Due Process and Equal Protection**

Plaintiff's second claim for due process and equal protection violations asserts that Governor Stitt "has allowed the Pardon and Parole Board to operate in an unconstitutional . . . and discriminatory manner toward Plaintiff." Compl. 5. He asserts he "is not being provided . . . Due Process and Equal Protection" because he has not had a chance to demonstrate rehabilitation, again citing *Miller* and *Montgomery*. *Id*. at 5-6.

Judge Mitchell recommends dismissal because Plaintiff has no liberty interest in parole consideration or procedure, *Miller* and *Montgomery* are inapplicable, and Plaintiff fails to assert factual allegations or legal authority in support of an equal protection claim. In his Objection, Plaintiff admits that "there is no invested [sic] right to a parole[,]" that "Plaintiff has never had a liberty interest in parole consideration, [and] that Oklahoma's parole scheme is discretionary[,]" but nevertheless asserts due process and equal protection violations. Obj. 2.

The Court agrees with Judge Mitchell's due process analysis and Plaintiff does not make any arguments to convince the Court otherwise. With respect to his equal protection claim, Plaintiff simply objects that the "protected class" at issue is made up of juveniles (ostensibly, juvenile offenders). *Id*. at 3. However, he still fails to satisfy "[t]he pleading requirement of an allegation that a similarly situated person was treated differently" from

4

Plaintiff. *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (rejecting equal protection claims because the petitioner "fails to identify any similarly-situated individual that has been given any different or more beneficial treatment.").

### III. Conclusion

IT IS THEREFORE ORDERED that that the Report and Recommendation [Doc. No. 8] is ADOPTED and Plaintiff's Objection [Doc. No. 9] thereto is OVERRULED. The Complaint is DISMISSED. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS FURTHER ORDERED that the Motion for Leave to File Supplemental Brief to Objection to Magistrate[']s Report and Recommendation [Doc. No. 10] is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend Complaint [Doc. No. 11] is DENIED AS MOOT.

IT IS SO ORDERED this 15th day of July, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE